**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NEIL TRANTHAM,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:09-cv-1147-Orl-31DAB**

**AMERICAN CABLE & TELEPHONE, INC.,**

        **Defendant.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, American Cable & Telephone, Inc. ("Defendant"), Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(7) (the "Motion") (Doc. 26), and Plaintiff's, Neil Trantham ("Plaintiff"), response in opposition thereto (Doc. 29)

**I. Overview**

On July 2, 2009, Plaintiff filed his Complaint (Doc. 1) asserting, *inter alia*, a claim for unpaid overtime compensation under the Fair Labor Standards Act of 1938 (the "FLSA"). *See generally* 29 U.S.C. §§ 201 to 209.

In its Motion, Defendant contends that it never employed Plaintiff. Instead, it had an independent contractor agreement with Plaintiff's corporation, Trantham, Inc. Defendant therefore argues that Plaintiff's failure to join Trantham, Inc. as an indispensable party necessitates dismissal.

The Court address this issue, *infra*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7), the Court engages in a two-part test:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(a), the litigation may continue.

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982).

**III. Analysis**

According to Defendant, "Trantham, Inc. unquestionably qualifies as an indispensable party" under Rule 19(a) because it is a party to the subcontractor agreement (Doc. 26 at 6). Under that agreement, Defendant contends that it never paid or employed Plaintiff. Instead it paid Trantham, Inc. which, in turn, paid Plaintiff for the installation services he provided.[1]

Upon review, Defendant's Motion is without merit. As a threshold matter, Plaintiff's claim has nothing to do with his contractual relationship with Tranatham, Inc., or Tranatham, Inc.'s contractual relationship with Defendant. Plaintiff's claim arises under the FLSA – it is not based on any contract. Furthermore, whether Defendant's relationship with Tranatham, Inc. precludes liability under FLSA does not having any bearing on Trantham, Inc.'s status as an indispensable or required party.

Under Rule 19, a party is not required unless: (1) the court cannot accord complete relief among the existing parties without the absent party; or (2), a judgment entered without the absent party would impair the absent party's interest or impose on an existing party "double, multiple, or otherwise inconsistent obligations." FED. R. CIV. P. 19(a). While Defendant has not addressed *any* of these considerations in its Motion, it seems clear to the Court that, as a practical matter, a judgment entered on Plaintiff's FLSA claim – whether for or against Plaintiff – would not implicate any of Rule 19(a)'s concerns.

---

[1] The Court recently addressed a nearly identical arrangement in the context of the FLSA. *See Parrilla v. Allcom Const. & Installation Servs., LLC*, Case No. 08-CV-1967, 2009 WL 2868432 (M.D. Fla. Aug. 31, 2009). *Parrilla*, however, did not present the question of whether an independent contractor/employee's corporate entity was an indispensable party which, if not joined, would necessitate dismissal under Rule 12(b)(7).

Accordingly, Defendant's Motion will be denied.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant American Cable & Telephone, Inc.'s Motion to Dismiss (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 13, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE